**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4548

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD RAYFIELD HANDY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:05-cr-00279-RDB)

Submitted:  September 17, 2007      Decided:  October 10, 2007

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew Jay Graham, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Richard C. Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Rayfield Handy pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine base and was sentenced to 210 months in prison. He now appeals, claiming that the district court should have allowed him to withdraw his guilty plea and that he received ineffective assistance of counsel. We affirm.

Our review is for abuse of discretion. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Withdrawal of a guilty plea is not a matter of right. United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). "[A]n appropriately conducted Rule 11 proceeding . . . raise[s] a strong presumption that the plea is final and binding." Id.

Courts consider six factors in determining whether withdrawal of a guilty plea is proper:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether

> withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Ubakanma, 215 F.3d at 424 (citing United States v. Moore, 931 F.2d 245, 248) (4th Cir. 1991) (footnote omitted)).

With these factors in mind, we have reviewed the record and the parties' briefs on appeal. We conclude that Handy did not demonstrate a "fair and just" reason for withdrawing his guilty plea, and that the district court did not abuse its discretion in denying the motion.

Further, ineffective assistance of counsel does not appear on the face of the record. We accordingly decline to address Handy's claim of ineffective assistance. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

We therefore affirm Handy's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED